IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA STEPHENSON, | § | |
| | § | |
| Defendant Below, | § | No. 88, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1808013518 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 21, 2019
Decided: December 3, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)    The appellant, Joshua Stephenson, appeals from his convictions and sentencing for charges of criminal mischief and disorderly conduct, following a bench trial. The evidence at trial reflected that on July 4, 2018, staff at the James T. Vaughn Correctional Center, where Stephenson was an inmate, received notification that a fire-suppression sprinkler in Stephenson's cell had "popped," and water was flooding the cell and nearby cells. The sprinklers in the prison have a tamper-resistant, recessed design and are located approximately seven and a half feet from

the floor. "Popping" refers to releasing the sprinkler head by prying it out of its recessed position. When sprinklers are popped, the water supply to the building must be turned off until maintenance staff can replace the sprinkler; while the water supply is turned off, the fire-suppression system is nonfunctional and no running water flows to the toilets and sinks in the cells. Stephenson was the only person in the cell when the sprinkler was popped.

(2) After the July 4, 2018 incident, Stephenson was moved to a different cell. On July 13, 2018, the sprinkler in Stephenson's new cell was popped, causing another flood. Again, Stephenson was the only person in the cell at the time. Stephenson was moved to a different cell and, later that day, the sprinkler in that third cell was popped.

(3) After a bench trial, the Superior Court found Stephenson guilty of three counts of criminal mischief and two counts of disorderly conduct. The court sentenced him to two years' incarceration, suspended after thirty days, for each of the counts of criminal mischief and to thirty days' incarceration for each of the counts of disorderly conduct.

(4) This is Stephenson's direct appeal. Stephenson proceeded *pro se* at trial; his standby counsel filed the notice of appeal. Stephenson's counsel then filed a motion to stay the proceedings until a competency evaluation ordered by the Superior Court in an unrelated proceeding could be completed and the Superior

Court could determine whether Stephenson wished to proceed *pro se* on appeal. The motion further requested that this case be remanded for those purposes. The Court granted the motion. On remand, the Superior Court found that Stephenson is competent but does not have the educational background or the knowledge of the rules of procedure, substantive law, or rules of evidence to proceed without the assistance of counsel. The Superior Court found that Stephenson had stated that he did not want to proceed with the appeal *pro se*, and therefore concluded that counsel should prosecute this appeal. After the case returned from remand, this Court ordered that Stephenson's counsel would continue to represent Stephenson on appeal, in accordance with Supreme Court Rule 26.

(5) Stephenson's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Stephenson's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Stephenson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Stephenson of his right to submit points he wanted this Court to consider on appeal. Stephenson has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(6)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1]  This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(7)     The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Stephenson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.